**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-26017-GAYLES**

**ADIDAS AG, *et al.***,

**Plaintiffs,**

**v.**

**BUYEPLJERSEYS.COM**,

**Defendant.**
______________________________/

**ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS**

**THIS CAUSE** comes before the Court on Plaintiffs' Motion for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("Motion"). [ECF No. 6]. The Court has reviewed the Motion and the record and is otherwise fully advised.

In the Motion, Plaintiffs request an order authorizing alternative service of process on Defendant via electronic mail ("e-mail") and website posting. Plaintiffs contend that electronic service by these means is sufficient to provide notice to Defendant, who Plaintiffs believe resides in or operates from China, including Hong Kong, and has established Internet-based businesses and utilizes electronic means as reliable forms of contact. *See* [ECF No. 6–1].

Rule 4(h)(2) of the Federal Rules of Civil Procedure describes the various ways in which a plaintiff may serve foreign entities and incorporates the service methods set forth in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited by international agreement, as the court orders." Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service

upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

The Court finds that alternative service of process under Rule 4(f)(3) is warranted here, and the means of service proposed by Plaintiffs are acceptable. First, although the United States, China, and Hong Kong are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"),[1] the Hague Convention does not specifically preclude service by e-mail and website posting. China has declared that it opposes the alternative means of service outlined in Article 10 of the Hague Convention, including service of process by postal channels.[2] *See* [ECF No. 6–1]. But the objection is specifically limited to the means of service enumerated in Article 10, and China and Hong Kong have not expressly objected to service via e-mail or website posting. *Id.* Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention is limited to the specific forms of

[1] The Hague Convention applies to Hong Kong as a result of an extension made by the United Kingdom, which continues to apply through China's accession to the Convention. *See* [ECF No. 6–1].

[2] Hong Kong has not declared any opposition to the alternative means of service by postal channels outlined in Article 10(a) of the Hague Convention but sets out further requirements for Articles 10(b) and (c). *See* [ECF No. 6–1].

service objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where, as here, a signatory nation has not expressly objected to those means. *See Karsten Mfg. Corp. v. Janit Store*, No. 18-61624-CIV, 2018 WL 8060707, * 1 (S.D. Fla. July 26, 2018). Accordingly, the requested service methods are not prohibited by international agreement. Further, as Plaintiffs have been unable to identify a valid address for service of process upon Defendant, according to Article 1 of the Hague Convention, "[the] convention shall not apply where the address of the person to be served with the document is not known." *See* Hague Convention, Art. 1, 20 U.S.T. 361 (1969); *see* Mot. at 13–14

Second, Defendant uses at least one known and valid form of electronic contact to conduct its Internet-based business, and Plaintiffs have created a website for the sole purpose of providing notice of this action to Defendant, the address to which will be provided to Defendant's known e-mail accounts and onsite contact forms. Therefore, service via e-mail and through posting on a designated website is "reasonably calculated, under all the circumstances, to apprise [Defendant] of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1. Thus, the Court will exercise its discretion to allow service on Defendant through e-mail and website posting.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, [ECF No. 6], is **GRANTED**. Plaintiffs shall serve the Summonses, Complaint, and all filings in this matter upon Defendant by:

1. providing the address to Plaintiffs' designated serving notice website to Defendant via the e-mail accounts provided by Defendant (i) as part of the data related to its e-commerce stores, including customer service e-mail addresses, or (ii) via the registrar of record e-mail address or domain contact form for the e-commerce

stores, *see* [ECF No. 6 at 4–5], which lists Defendant's E-commerce Store Names and associated means of contact; and

2. posting by posting a copy of the same on Plaintiffs' designated serving notice website appearing at the URL http://servingnotice.com/D46k2s/index.html.

This case is **CLOSED** for administrative purposes pending service on Defendant.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of September, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**